UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SELMA DIVISION

| | |
|---|---|
| **Laura Page,** )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>)<br>)<br>**JP Morgan Chase Bank,** a foreign )<br>corporation, and )<br>**GC Services Limited Partnership,** )<br>a foreign limited partnership, )<br>)<br>*Defendants.* ) | Civil Action No.:_____<br>Plaintiff Demands Trial by Jury |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and, in addition, state of Alabama common law claims for breach of contract, negligence, invasion of privacy, harassment, and negligent hiring (hereinafter "state claims").

### II. STATEMENT OF JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that Defendants transact business and the conduct complained of occurred in Dallas County, Alabama.

## III. STATEMENT OF THE PARTIES

3. Plaintiff Laura Page (hereinafter, "Plaintiff") is a natural person of the age of majority and residing in Dallas County, Alabama. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

4. Defendant GC Services Limited Partnership (hereinafter, "Defendant" or "GC Services") is a foreign limited partnership engaged in the business of collecting consumer debts in the State of Alabama. The principal business purpose of this Defendant is the collection of such debts using the mails and telephone. This Defendant regularly attempts to collect debts alleged to be due another. Therefore, this Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and the Code of Alabama, §40-12-80 (1975).

5. Defendant JP Morgan Chase Bank (hereinafter, "Defendant" or "Chase") is a foreign limited liability company engaged in the business of providing financial products to consumers in the State of Alabama. Apparently, on or around May 1, 2011 Chase Home Finance, LLC merged into JP Morgan Chase Bank.

## IV. FACTUAL ALLEGATIONS

6. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

7. The unlawful conduct described herein was undertaken by agents, contractors, employees or otherwise representatives of Defendants.

8. In or around September, 2011, Chase forwarded to Plaintiff correspondence representing therein that, if Plaintiff would remit the amount of $2,718.88 in certified funds to Chase on or before October 21, 2011, Chase would accept the same as settlement of the "loan balance". Specifically, the correspondence states, in pertinent part, as follows:

. . . Currently, you owe $54,377.64 on the above-referenced account, but we will accept $2,718.88 as settlement for your loan balance. In order to take advantage of this opportunity, please remit the requested amount by 10/21/2011. If we do not receive payment within the specified time frame, this offer becomes null and void. Payment must be in the form of certified funds only, made payable to Chase Home Finance LLC, and mailed to the address provided below.

Regular Mail: Chase Home Equity
P.O. Box 24785
Columbus, OH 43224-0785
0H4- 7164

Overnight Mail: Chase Home Equity
HE Payment Processing II
3415 Vision Drive
Columbus, OH 43219
0H4-7164

9. In response to the aforesaid correspondence, Plaintiff remitted cashier's check number 6567201680, dated October 20, 2011, to Chase. In the memo line of the cashier's check Plaintiff caused to be written the subject account number followed by "[p]ayment in full - complete accord and satisfaction of referenced account."

10. Notably, on October 31, 2011 Chase negotiated the aforesaid cashier's check.

11. Notwithstanding the aforesaid agreement whereby Plaintiff satisfied, to the extent such existed, her obligations to Chase regarding the subject account, Chase unlawfully assigned, consigned or otherwise transferred the same account to GC Services for the sole purpose of collection thereof.

12. Pursuant to such assignment, consignment or otherwise transfer, GC Services unlawfully embarked upon a mission to collect the sum of $51,658.76 from Plaintiff.

13. Specifically, by virtue of correspondence dated November 22, 2011, GC Services represented that it had been authorized by Chase, or GC Services' client, to offer Plaintiff the opportunity to settle the debt with Chase for fifteen (15) percent of the balance, or $7,748.81, of the alleged outstanding balance.

14. By virtue of the aforesaid agreement between Plaintiff and Chase, Chase knows that it has

no legal right to collect upon the alleged and, in fact, settled indebtedness.

15. Moreover, by virtue of the transfer of information by and between Chase and GC Services regarding the assignment, consignment or otherwise transfer of the subject account, GC Services knows that neither Chase nor GC Services has a legal right to collect upon the subject account.

16. Defendants know that Plaintiff does not owe any money to either Defendant and, moreover, Defendants possessed such knowledge at the time they undertook to collect from Plaintiff.

17. Notwithstanding such knowledge, Defendants continue their unlawful attempts to collect a significant sum of money from Plaintiff.

18. All of the above-described collection communications made to Plaintiff by GC Services and its agents, employees or representatives were made in violation of the FDCPA.

19. Defendants' conduct, as described hereinabove, constitutes an invasion of Plaintiff's privacy by an intrusion upon seclusion and, as a result, Plaintiff has been damaged.

20. Plaintiff has suffered actual damages including, but not limited to, anger, anxiety, emotional distress, fear, frustration, humiliation, embarrassment, credit damage, stress and economic loss, as a result of Defendants' conduct.

21. Apparently, the only way abusive debt collectors, such as GC Services, will stop their abusive practices towards consumers is by a verdict fully compensating Plaintiff for the harm including, but not limited to, a punitive damage award in excess of $100,000.

22. A punitive damage award in said amount will certainly get the attention of debt collectors, including GC Services, which will then realize that it is no longer economically feasible to abuse consumers within the state of Alabama.

23. Furthermore, these debt collectors, including GC Services, will realize that such abusive practices to gain an unfair advantage over other legitimate debt collectors is no longer economically feasible.

## V. CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

24. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

25. **GC Services** violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a) Attempting to collect a debt not legally owed, using false and/or misleading representations, in violation of 15 U.S.C. §§ 1692e(2), 1692e(5), and 1692e(10); and

    b) Taking illegal actions against Plaintiff, in violation of 15 U.S.C. §§ 1692f(1).

26. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages pursuant to 15 U.S.C. § 1692k(a)(1), compensatory damages, statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), punitive damages, costs and attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

**WHEREFORE**, Plaintiff prays that judgment be entered against this Defendant for the following:

   a. Declaratory judgment that Defendant's conduct violated the FDCPA;

   b. Actual, compensatory and punitive damages;

   c. Statutory damages;

    d.    Costs and reasonable attorney's fees; and,

    e.    For such other and further relief as the Court may deem just and proper.

## COUNT II
## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

27.    Plaintiff incorporates herein by reference each of the foregoing paragraphs.

28.    Defendants **Chase** and **GC Services** acted with negligence, malice, wantonness, recklessness and/or intent in their dealings with Plaintiff as stated herein above.

29.    Chase had a duty to ensure that Plaintiff was indebted to Chase prior to assigning, consigning or otherwise transferring the subject account to GC Services for the sole purpose of collection thereof.

30.    GC Services had a duty to ensure that Plaintiff was indebted to Chase, and that it took proper assignment, consignment or transfer of the subject debt, prior to engaging in collection activity thereon.

31.    Defendants had a duty to ensure that the conduct of its agents, employees or representatives was not abusive, harassing, oppressive or violative of any state or federal law.

32.    Defendants breached said duties of care.

33.    It was foreseeable, and in fact Defendants did foresee, that their actions would harm and/or injure Plaintiff.

34.    As a proximate consequence of Defendants' conduct, Plaintiff has been embarrassed, humiliated, emotionally distressed and, in addition, forced to retain the services of an attorney to prosecute this matter.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, jointly and

severally, for the following:

    a.    actual, compensatory and punitive damages, as applicable; and

    b.    For such other and further relief as the Court may deem just and proper.

## COUNT III
## HARASSMENT

36. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

37. As stated hereinabove, **GC Services** contacted Plaintiff via written correspondence in an attempt to collect upon the alleged debt.

38. Such communications occurred after Plaintiff settled the alleged indebtedness with Chase, or at a time when Plaintiff was no longer indebted to Chase.

39. By virtue of Defendant's knowledge, Defendant's harassing communications to Plaintiff were willful, intentional and malicious with the intent to injure Plaintiff.

40. As a direct and proximate consequence of Defendant's conduct, Plaintiff has been embarrassed, humiliated, emotionally distressed and, in addition, forced to retain the services of an attorney to prosecute this matter.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

    a.    actual, compensatory and punitive damages; and

    b.    for such other and further relief as the Court may deem just and proper.

## COUNT IV
## INVASION OF PRIVACY

41. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

42. As stated herein above, Defendants **Chase** and **GC Services** illegally and repeatedly intruded

upon the seclusion and solitude of Plaintiff.

43. Defendants' invasion of Plaintiff's privacy was willful, intentional and malicious with the intent to injure Plaintiff, given the knowledge possessed by both Defendants regarding the satisfaction of the subject debt.

44. As a direct and proximate consequence of Defendants' conduct, Plaintiff has been embarrassed, humiliated, emotionally distressed and, in addition, forced to retain the services of an attorney to prosecute this matter.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, jointly and severally, for the following:

a. actual, compensatory and punitive damages; and

b. for such other and further relief as the Court may deem just and proper.

## COUNT V
## NEGLIGENT AND WANTON HIRING, SUPERVISION, AND/OR TRAINING

45. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

46. Defendants **Chase** and **GC Services** were negligent and/or wanton in the hiring, supervision and/or training of their agents, employees and/or representatives.

47. The agents, employees and/or representatives of Defendants, while acting in furtherance and in the line and scope of each person's agency or employment, were incompetent to perform the requisite duties and, furthermore, Defendants knew or should have known of such incompetence.

48. As a result thereof, Defendants have engaged in, or caused others to engage in, conduct that is illegal.

49. As a direct and proximate consequence of Defendants' conduct, Plaintiff has been embarrassed, humiliated, emotionally distressed and, in addition, forced to retain the services of an attorney to prosecute this matter.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, jointly and severally, for the following:

    a. actual, compensatory and punitive damages; and

    b. for such other and further relief as the Court may deem just and proper.

## COUNT VI
## BREACH OF CONTRACT

50. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

51. **Chase** entered into a contract with Plaintiff whereby Chase agreed to accept the sum of $2,718.88 as settlement in full of the subject account.

52. On October 20, 2011, Plaintiff remitted said amount, via Cashier's Check, to Chase and, additionally, provided a copy of the said check along with a settlement confirmation letter to additional addresses for Chase.

53. On October 31, 2011, Chase negotiated said check by depositing the same into its bank account.

54. Plaintiff fulfilled her obligations to Chase under the aforesaid agreement.

55. Notwithstanding, Chase assigned, consigned or otherwise transferred the subject and settled account to GC Services for the sole purpose of collection thereof in breach of the subject contract.

56. As a direct and proximate consequence of Defendant's conduct, Plaintiff has been

embarrassed, humiliated, emotionally distressed and, in addition, forced to retain the services of an attorney to prosecute this matter. Moreover, Plaintiff has been deprived of the benefit of the bargain of which she was entitled under the settlement agreement with Chase.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

a.   actual, compensatory and consequential damages; and,

b.   for such other and further relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED** this the 7th day of February, 2012.

Anthony Brian Bush (BUS028)
*Attorney for Plaintiff*
**Lewis, Bush & Faulk, LLC**
400 South Union Street, Suite 230
Montgomery, Alabama 36104
Phone:(334) 263-7733
Facsimile:(334) 832-4390
Bar Id. #:  ASB-7306-A54B

**DEFENDANT MAY BE SERVED AT THE FOLLOWING ADDRESS:**
**GC Services Limited Partnership**
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

**JP Morgan Chase Bank**
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104